| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Weatherford International, Inc., et al., §
§
     Plaintiffs, §
§
versus §       Civil Action H-08-1450
§
Peak Completion Technologies, §
§
     Defendant. §

## Opinion on Non-Infringement

1.    *Introduction.*

Weatherford has asked this court to decide whether it infringes Peak's patent. It does not infringe.

2.    *Background.*

This case is about open-hole selective fracturing systems. Peak Completion Technologies says Weatherford International, Inc., and Weatherford U.S., LP, infringe its patent. On March 2, 2011, the court construed the claims of Peak's patent 7,267,172; that opinion is incorporated. Now, Weatherford has asked the court to apply that patent to its operations.

3.    *Different Methods.*

Weatherford does not practice three of the steps in Peak's 172 patent. Weatherford does not (a) cement the valves and tubing in place; (b) open chosen valves without jetting or cutting tools and selectively dissolve cement adjacent those values to establish contact with a production zone; and (c) selectively produce a petroleum production zone. The only independent method claimed in the 172 patent specifically includes these three steps – in addition to others. Because Weatherford does not practice these three steps, it cannot infringe the 172 patent as a matter of law.

A. *No Cementing.*

Weatherford does not cement the holes. It does not produce hydrocarbons, nor does it recommend, specify, assist, or direct cementing. Because Weatherford's system works with many cements – acid-soluble or the more common non-acid-soluble – its customers bid for cementing separately. Weatherford does not know who the cement pumper will be or the type of cement that will be used.

Consequently, Weatherford cannot control the dissolving of the cement – if dissolving it were even practical.

B. *No Dissolving.*

Weatherford's method does not dissolve the cement, selectively or otherwise. Peak's patent uses two steps – dissolving then fracturing. Weatherford's tool uses one step: the cement is broken when the formation is fractured. As discussed in chambers and described in the claim construction, no one – learned in the art or otherwise – would say, "Let's go outside and dissolve some cement with sledgehammers."

Breaking the cement during the fracturing process does not dissolve it.

C. *No Production.*

The third element requires oil production from the designated zones. Because Weatherford does not produce or explore for hydrocarbons, it does not practice each step of Peak's patent. Exploration and production are simply not part of Weatherford's business. Weatherford's business is analogous to being a hardware store for oilfields. It supplies tools that may be used for the production of hydrocarbons and it answers questions about its tools, but Weatherford does not do, direct, or control the work.

That the customer may use Weatherford's tool to practice the other steps does not make Weatherford responsible. If Weatherford's customer practices Peak's steps, it is not doing it on Weatherford's behalf.

D. *No Infringement.*

Because all of the steps in claim 1 of the 172 patent are not performed by Weatherford, it does not infringe Peak's patent.

4. *Peak.*

Peak says that questions of fact preclude summary judgment. Three years into the case, Peak has only suppositions – no facts. It complains that the court has not allowed it to do discovery.

The court has directed this case's discovery by ordering the exchange of specific information and permitting certain depositions. It has not allowed Peak to pour through Weatherford files without evidence that Weatherford has done wrong. Peak has had avenues available to it – such as salesmen in the field – who could furnish Peak actual evidence if it existed. Peak has shown the court nothing to support its suppositions or justify additional discovery. The thoroughness of Peak's preparation is illustrated by its suing for Canadian acts violating American patents.

5. *Offer of Judgment.*

On July 28, 2008, Weatherford made an offer of judgment to Peak under Rule 68. Weatherford has obtained a more favorable ruling than Peak. Weatherford may recover the costs it has incurred since July 28, 2008.

By September 1, 2011, Weatherford must file its bill of costs.

6. *Conclusion.*

Weatherford does not infringe patent 7,267,172 directly or indirectly.

Signed on August 21, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge